# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CHURCH OF THE ROCK, INC., *d/b/a* THE ROCK,

    *Plaintiff*,

v().

THE TOWN OF CASTLE ROCK, COLORADO,

    *Defendant*.

Case No. 1:24-cv-1340-DDD-KAS

## SCHEDULING ORDER

**1. Date Of Conference And Appearances Of Counsel And Pro Se Parties**

The scheduling conference was held on August 15, 2024, at 10:30 a.m., by telephone before Magistrate Judge Kathryn A. Starnella. The following counsel appeared telephonically on behalf of the parties:

| | |
|---|---|
| JOSHUA D. DAVEY<br>CARSON A. COX<br>DYLAN J. DEWITT<br>ALEXANDER J. HILL<br>TROUTMAN PEPPER<br>HAMILTON SANDERS LLP<br>301 S. College St., 34th Flr.<br>Charlotte, North Carolina 28202<br>(704) 916-1503 (JD)<br>joshua.davey@troutman.com<br>carson.cox@troutman.com<br>dylan.dewitt@troutman.com<br>alex.hill@troutman.com<br><br>*Attorneys for Plaintiff Church of the Rock, Inc.* | JOSH A. MARKS<br>GEOFFREY C. KLINGSPORN<br>BERG HILL GREENLEAF<br>RUSCITTI LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>(303) 402-1600<br>(303) 402-1601 (fax)<br>jam@bhgrlaw.com<br>geoff.klingsporn@bhgrlaw.com<br><br>*Attorneys for Defendant Town of Castle Rock, Colorado* |

## 2. Statement Of Jurisdiction

This action raises federal questions under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and under RLUIPA, 42 U.S.C. §§ 2000cc *et seq*. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000cc(a)(1).

## 3. Statement Of Claims And Defenses

### a. Plaintiffs

Plaintiff Church of the Rock, Inc., d/b/a The Rock (hereinafter, the "Church"), asserts that the Town of Castle Rock, Colorado (the "Town"), has violated its rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, the Free Exercise Clause of the First Amendment, and the Establishment Clause of the First Amendment. The Church contends that the Town applied certain land-use regulations to shut down the Church's On-Site Temporary Shelter Ministry and Red Cross Partnership, thereby preventing the Church from fulfilling its religious mission to providing temporary shelter to individuals and small families experiencing homelessness. The Church further alleges that the Town has taken adverse actions directed at the Church in retaliation for the Church engaging in its constitutionally protected right to the free exercise of its religion and to file lawsuits and administrative appeals challenging the Town's zoning decisions. The Church contends that the Town's enforcement of zoning ordinances against it is pretextual and discriminatory, aimed at preventing the Church from carrying out its

religious mission to aid the needy. The Church seeks declaratory and injunctive relief to prevent the Town from infringing on its religious exercise, as well as nominal damages and attorney's fees.

### b. Defendants

The Town denies Plaintiff's claims in their entirety. In addition, Plaintiff's claims are prudentially unripe. The Town has notified Plaintiff that its temporary housing of persons in an RV and trailers on the Church's property was not an allowed use under the use restrictions proposed by the Church and approved by the Town for the applicable Planned Development zoning. It subsequently formalized that position in a zoning determination requested by Plaintiff. The Town further denies that it has retaliated against the Plaintiff for commencing litigation or administrative actions. In fact, the Town has requested that Plaintiff apply for an amendment to its use restrictions; to date, the Plaintiff has refused to revise its use restrictions.

### c. Other Parties

N/A

### 4. Undisputed Facts

The following facts are undisputed:

1. The Church is located on a 54-acre property at 4881 Cherokee Dr., Castle Rock, CO 80109 (hereinafter, the "Property").

2. Defendant the Town of Castle Rock, Colorado, is a home-rule municipality located in Douglas County, Colorado.

3. Pastor Micah Polhemus is the lead pastor of the Church.

4. On November 10, 2021, Tammy King, the Zoning Manager of the Town of Castle Rock sent the Church a "Notice of Zoning Violation."

5. On September 29, 2023, the Zoning Manager and Tara Vargish, the Castle Rock Director of Development Services, sent the Church a "Letter of Determination."

6. On October 13, 2023, the Church timely appealed the Zoning Manager's Letter of Determination to Castle Rock's Board of Adjustment.

7. On December 7, 2023, the Board of Adjustment heard the Church's appeal and the parties' oral presentations.

8. The Board of Adjustment approved the Town's motion to affirm the Zoning Manager's Letter of Determination.

9. The Church has a business and sales tax license that expires December 31, 2025.

10. The PD Zoning Regulations currently applicable to the Property prohibit residential use, including temporary shelter for individuals and small families in a trailer or RV.

**5. Computation Of Damages**

Plaintiffs seek nominal damages in the amount of $1 for the harm inflicted upon them for the deprivation of their constitutional rights. Plaintiffs also seek

attorneys' fees and the costs associated with this action, including under 42 U.S.C. § 1988.  Plaintiffs further seek declaratory and injunctive relief.

6. **Report of Preconference Discovery And Meeting Under Fed. R. Civ. P. 26(f)**

    a. **Date of Rule 26(f) meeting.**  July 16, 2024

    b. **Names of each participant and party he/she represented.**

    Joshua D. Davey, Carson A. Cox, and Dylan J. DeWitt represented Plaintiff. Josh A. Marks and Geoffrey C. Klingsporn represented Defendant.

    c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**  Not later than August 9, 2024 ==Plaintiff to produce initial disclosure docs by 8/29/24.==

    d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**  Defendant requests a short extension of the initial disclosure deadline as it has recently provided additional documents that require review by its counsel.  This extension would result in a more complete initial disclosure from Defendant.

    e. **Statement concerning any agreements to conduct informal discovery:**  The parties have not agreed to conduct informal discovery.

    f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**  The parties have agreed to

jointly propose a protective order to govern documents produced in discovery. The parties likewise have agreed to use a unified exhibit numbering system in accordance with the presiding Judge's requirements.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that discovery in this action will encompass electronically stored information ("ESI") on both sides. With respect to preservation of ESI, both parties have issued litigation hold notices and is in the process of collecting potentially discoverable ESI.

The parties agree to cooperate concerning discovery of ESI and to limit costs and the potential for disputes, to include efforts to agree on appropriate custodians and the use of search terms. The parties further agree to negotiate and submit an agreed protective order which will include provisions implementing Fed. R. Evid. 502(d).

The parties further agree to prepare a stipulation concerning the format for production of ESI.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed the possibility of settlement and agree that settlement would be premature at this stage of the case.

7. **Consent**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

8. **Discovery Limitations**

   a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** None  **10 depos/side; 25 Rogs/side**

   b. **Limitations which any party proposes on the length of depositions.** Depositions shall be limited to 7 hours in accordance with Fed. R. Civ. P. 30.

   c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.** The parties agree that each side may serve no more than twenty-five requests for production and twenty-five requests for admission absent agreement or leave of the Court.

   d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:** November 15, 2024

e. **Other Planning or Discovery Orders**

The parties agree that any motions to compel will be filed not later than January 3, 2025. The parties also contemplate the filing of a motion for protective order.

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall comply with Magistrate Judge Starnella's Discovery Dispute Procedures as outlined in the Uniform Civil Practice Standards of the United States Magistrate Judges regarding the issue. Both of these steps must be completed before any contested discovery motions will be adjudicated by the Court.

9. **Case Plan And Schedule**

    a. **Deadline for Joinder of Parties and Amendment of Pleadings**: August 30, 2024

    b. **Discovery Cut-off:** January 24, 2025

    c. **Dispositive Motion Deadline:** Dispositive motions due February 21, 2025.

    d. **Expert Witness Disclosure**

        i. **The parties shall identify anticipated fields of expert testimony, if any.** Plaintiff does not anticipate any expert testimony other than rebuttal of any expert proffered by

        Defendant.  Defendant may require an expert on religious doctrine and practice.

    ii. **Limitations which the parties propose on the use or number of expert witnesses.**  No more than two *affirmative* experts per side.

    iii. **The parties shall designate all *affirmative* experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 15, 2024.**

    iv. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 13, 2024.**

  e. **Identification of Persons to Be Deposed:**

The parties currently anticipate the following depositions. The parties reserve the right to depose additional witnesses identified in discovery.

Depositions by Plaintiff:  Town Manager of the Town, Dave Corliss; Zoning Manager of the Town, Ms. Tammy King; Castle Rock Director of Development Services, Ms. Tara Vargish; Castle Rock Town Attorney, Michael Hyman; other witnesses identified in disclosures and discovery; any expert designated by Defendant.

Depositions by Defendant: Pastor Michael Polhemus; Rule 30(b)(6) designee of Plaintiff; other witnesses identified in disclosures and discovery; any expert designated by Plaintiff.

**10. Dates For Further Conferences**

    a. **Status conferences will be held in this case at the following dates and times:** TBD

    b. **A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.** See DDD practice standards.

**11. Other Scheduling Matters**

    a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.** None.

    b. **Anticipated length of trial and whether trial is to the court or jury.** The parties anticipate trial of this matter will take 5-8 days. Plaintiff has demanded a trial by jury.

    c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S.

**Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**  N/A.

**12. Notice To Counsel And Pro Se Parties**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). & Mag. J. discovery dispute procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. Amendments To Scheduling Order**

This scheduling order may be altered or amended only upon a showing of a good cause.

DATED at Denver, Colorado, this 15th day of August, 2024.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:                                                      APPROVED:

_____      _____

(Name)                                                              (Name)

(Address)                                                           (Address)

(Telephone Number)                                       (Telephone Number)

*Attorney for Plaintiff*                                    *Attorney for Defendant*

*[Please affix counsels' and any pro se party's signatures before submission of the final scheduling order to the court.]*